# Dodson, Appellant, v. New York Life Insurance Company.

*Contract—Principal and agent—Commissions—Insurance agent.*

Where a contract between an insurance company and its agent provides in a printed clause that the agent shall have a commission on both original and renewal cash premiums during his continuance as agent, and another typewritten clause refers to the previous clause, and provides for certain commissions on renewal premiums on insurance secured by the agent under the plans designated in the previous clause, the provision in the first clause that commissions shall be paid only during the continuance of the agency, is to be read into the second

clause, and applies to the commissions on renewal premiums therein specified.

Argued April 15, 1908. Appeal, No. 22, April T., 1908, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., Sept. Term, 1903, No. 369, for defendant on case stated in suit of E. E. Dodson v. New York Life Insurance Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed:

Case stated to determine liability for commissions on insurance premiums.

The opinion of the Superior Court states the case.

MacFARLANE, J., filed the following opinion:

The controversy in this case turns upon the construction of secs. 21 and 23 of the agreement. Sec. 21 allows the plaintiff commissions on premiums which shall be received by the insurance company during plaintiff's continuance as its agent, and if there is nothing more in the case he cannot recover. That section further prescribed the percentage to be paid to the plaintiff upon the original cash premiums for the first year.

Sec. 23 refers to the 21st; and it is argued that as this is a contract for one year only, sec. 23 is without meaning if the 21st be read with it. It is in brief that if the plaintiff secured during the first year of this agreement new insurance on the plans designated in sec. 21, subject to all the terms and conditions of such section, amounting to $25,000, upon which the original premiums have been paid to the company, then the plaintiff shall be entitled to five per cent on renewal premiums. Sec. 21 applies to both original and renewal cash premiums, and sec. 23 fixes the percentage to be received if the amount written should reach $25,000, but the limitation that this commission shall be payable only during his continuance as agent applies as well as in the case of original premiums.

This conclusion is not changed by the fact that sec. 21 was part of the printed form, while sec. 23 is in writing. This gives to sec. 23 greater weight, of course, and were the two sections inconsistent or antagonistic, sec. 23 would govern, but that

is not the case. We cannot agree with the contention that sec. 21 applies only to original business, for renewal cash premiums were especially mentioned. The percentage on renewals is not fixed in that section, nevertheless we think it applies. It was evidently in contemplation of the parties that the contract of employment should be renewed from year to year and the percentage on renewals was an inducement held out to the agent to continue with the company.

As this case turns on the construction of a written contract, we do not find any assistance in the cases cited by counsel. The contract is not ambiguous, nor is it a case of an enforcement of a forfeiture.

We are of the opinion that judgment should be entered in favor of the defendant and against the plaintiff.

*Error assigned* was the judgment of the court.

*Frank Ewing,* with him *Geo. M. Harton,* for appellant.— Upon the general proposition that a plaintiff is entitled to renewal commissions, even though his agency contract may be canceled, see 1 Joyce on Insurance, sec. 629; Machette v. Hodges et al., 6 Phila. 296; Hale v. Ins. Co., 46 Hun (N. Y.), 274; Hercules Mut. Life Assur. Soc'y v. Brinker, 77 N. Y. 435; Ensworth v. Ins. Co., 1 Flippin, 92; Cunningham v. Union Cas. & Surety Co., 82 Mo. App. 607.

*J. A. Wakefield,* for appellee.—We insist that no authority is required to support the defendant's contention, in view of the plain language of the contract. The following, however, is a list of cases which support the defendant's position: Wightman v. New York Life Ins. Co., 119 App. Div. 496; Aldrich v. New York Life Ins. Co., 121 App. Div. 18; Shaw v. Home Life Ins. Co., 49 N. Y. 681; Stagg v. Mutual Life Ins. Co., 77 U. S. 589; Burleson v. N. W. Mutual Life Ins. Co., 86 Cal. 342 (24 Pac. Repr. 1064); King v. Raleigh, 100 Mo. App. 1; Spaulding v. N. Y. Life Ins. Co., 61 Me. 329; Park & Iverson v. Piedmont, etc., Ins. Co., 48 Ga. 601; Castleman v. Southern Mut. Life Ins. Co., 14 Bush (Ky.), 197; Mutual Benefit Life Ins. Co.

v: Charles, 4 Ins. L. J. 265; Phœnix Mut. Life Ins. Co. v.
Holloway, 51 Conn. 310; N. Car. State Life Ins. Co. v. Williams,
91 N. Car. 69; Ballard v. Travelers' Ins. Co., 119 N. Car. 187;
Scott v. Travelers' Ins. Co., 63 Atl. Repr. 377 (Md.); Chase
v. N. Y. Life Ins. Co., 188 Mass. 271; Jacobson v. Mut. Life
Ins. Co., 61 Minn. 330; Andrews v. Travelers' Ins. Co., 70
S. W. Repr. 43 (Ky.).

OPINION BY ORLADY, J., July 15, 1908:

The plaintiff was a licensed insurance broker and agent.
He entered into a contract, in writing, with the defendant, to
represent it in Armstrong county, Pa., under the terms and
upon the conditions as set forth in an article of agreement,
dated January 3, 1899, and he tendered his resignation as such
agent on January 28, 1903.  A case stated was agreed upon,
to which is attached the article of agreement, and after hear-
ing, a judgment was entered in favor of the defendant, the
question involved being, whether under the terms of the agree-
ment, the plaintiff was entitled to the renewal commissions
on policies which were written during his agency, but which
commissions were not paid until after his resignation as agent
was accepted by the defendant.

The agreement specified the terms and conditions under
twenty-four separate heads, the twenty-first and twenty-
third being the only ones affecting the plaintiff's right to re-
cover.  By the twenty-first it is stipulated that he shall be
allowed the following compensation: "A commission on original
or renewal cash premiums which shall, during his continuance
as said agent of said party of the first part, be obtained, col-
lected and paid to and received by said party of the first part,
up to and including —— years of insurance (should his
agency continue so long) on policies of insurance effected with
said party of the first part by or through said party of the
second part." Commissions being specified at the rate of
from forty-five to fifty-five per cent of the annual premiums.
We think it quite clear that the blank left in this section was
intended to be filled by the word "first."

By sec. 23 it is provided, that if the plaintiff "Secure, dur-

ing the first twelve calendar months of the · continuance of this agreement, new insurance, on the plans designated in· sec. 21 hereof, subject to all the terms and conditions of said section, amounting to the sum of twenty-five thousand dollars, upon which the original cash premiums for the first year of insurance have been paid to and received by the said party of the first part, during said period, or within thirty days thereafter, said party of the second part shall be entitled to a commission of five per cent on such renewal premiums of business written as aforesaid, as shall be renewed for the second year of assurance, and for every additional twenty-five thousand dollars, procured as aforesaid; said renewal shall be intended to include the additional years of insurance not in all to extend beyond the fifth year of assurance," etc.

The twenty-first paragraph is a part of the printed form used by the company, but the twenty-third was a special provision prepared in typewriting, and attached to the contract, and the two clauses are so directly related to each other that both must be considered in interpreting it. The five per cent commissions on renewal premiums of business written as aforesaid, cannot refer to any other business than that stipulated for in sec. 21. The premiums paid on the sum of $25,000, referred to in sec. 23, necessarily refer to the insurance mentioned in sec. 21, as it is distinctly specified as "new insurance on the plans designated in sec. 21 hereof, subject to the terms and conditions of said section, amounting to the sum of twenty-five thousand dollars," and by sec. 21 it is directly specified that his compensation should be a commission on the original or renewal cash premiums, which shall, during his continuance as said agent of said party, be obtained, collected and paid to and received by said party of the first part.

The resignation of the plaintiff effected a cancellation of the contract, and relieved the company of any further liability to him for the renewal premiums on business that had been secured by him, for the reason that sec. 23 provided both for the original and renewal cash premiums, and limited their liability to the time when he was their agent. The terms used

are not ambiguous, the language is clear, and if the terms are harsh and unfair to the plaintiff, he voluntarily entered into the contract and must abide by its provisions.

The judgment of the court below is affirmed.

RICE, P. J., and PORTER, J., dissent.