# United States Casualty Company, Appellant, *v.* Parnell.

*Insurance—Agency—Contract of agency—Termination of contract—Liability for uncollected premiums.*

Where a contract of agency with an insurance company provided that the agent should be liable for all premiums collected, the agent is under no duty, after the cancellation of the contract, to collect premiums unearned and not computed until five months after the termination of the contract of employment.

*Practice, C. P.—Insufficient statement of claim—Judgment for defendant.*

A statement of claim, in an action of assumpsit for uncollected premiums due under a contract with an insurance company, is insufficient, where the amounts claimed to be due are shown to have accrued as additional premiums five months after the termination of the agency, and not to have been ascertained when the agency was terminated; the provision in the contract for the collection and payment of premiums by the agent did not apply to such premiums.

Argued April 16, 1919. Appeal, No. 137, April T., 1919, by plaintiff, from judgment of C. P. Indiana Co., Sept. T., 1918, No. 106, in favor of defendant, in the case of United States Casualty Company v. Joseph E. Parnell. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

586, (1919).] Statement of Facts—Opinion of the Court.

Assumpsit on insurance agency contract.    Before LANGHAM, P. J.

The opinion of the Superior Court states the case.

The court entered judgment in favor of the defendant. Plaintiff appealed.

*Error assigned* was the order of the court.

*Harry J. Nesbit,* and with him *Samuel W. Miller,* for appellant.

*D. B. Taylor,* for appellee.

OPINION BY WILLIAMS, J., July 17, 1919:

Plaintiff appeals from a judgment entered pursuant to an order of the court below, sustaining requests for judgment on the pleadings for want of a sufficient statement of claim.

The statement averred, inter alia, that defendant was its duly authorized agent for the purpose of collecting premiums and soliciting insurance risks known as workmen's compensation insurance, according to an agreement which contained, inter alia, the following clauses: "It is mutually agreed that the agent shall conduct the business in accordance with the instructions received from the home office of the company, that all moneys received by the agent or any one for him on account of the company shall be held by and chargeable to the agent as a fiduciary trust and shall be paid over by the agent to the company as herein provided or on demand less the commissions due him as herein provided; that the agent shall be liable to the company for and shall pay to the company on the tenth day of each month the premiums on all policies issued through the agent during the previous month whether he has received or collected such premiums or not......It is further mutually agreed that when the insured furnishes a report showing an earned premium or an additional premium due on a policy issued through the

agent, or that when an auditor of the company discloses an earned premium or an additional premium due on a policy through the agent, such earned premium or additional premium shall be immediately collected and transmitted to the company; ......that either party may terminate this agreement at any time upon written notice to the other, and that such termination shall be without any liability on the part of the company in excess of the commission actually earned hereunder at the time of such termination; that if this agreement is terminated the functions of agent will thereupon cease and he shall forthwith deliver to the company all policies not in the possession of the insured together with all books, papers, and records, connected with the agency hereby created, and shall forthwith pay to the company all moneys received by the agent or any one for him on account of the company and all premiums on all policies delivered to the insured at any time prior to the termination of this agreement."

The statement further averred that the contract was terminated by mutual consent, August 3, 1917, and thereafter a premium became due on an audit of the books of a party insured, in an amount of $383.88; plaintiff gave credit for defendant's commission and demanded the balance, $316.70.

Defendant filed an affidavit of defense asking judgment for want of a sufficient statement of claim, because, inter alia, the premium for which the suit was brought did not become due until five months after the contract had been terminated, and there was no longer any duty to collect and remit.

Plaintiff filed a supplemental statement averring that defendant collected some premiums after the contract was terminated, and, deducting his commissions, forwarding the balances to plaintiff.

Defendant, in a supplemental affidavit of defense again asked for judgment for want of a sufficient statement of claim, which was granted by the court.

586, (1919).]          Opinion of the Court.

The salient facts disclosed by the pleadings are that a policy of insurance was issued through defendant before his contract with plaintiff was terminated; this policy provided that at the end of the term if any additional premium was shown to be due on an audit of insured's books, it should be paid; five months after defendant's contract as insurance agent was terminated a deferred payment became due, and plaintiff sued defendant for the amount, less commission. It appears that the commissions retained by defendant after August 3d, accrued from premiums due before that date.

The agreement of agency includes two undertakings: (1) to pay all premiums on business obtained by defendant as agent during the preceding month on the tenth of the month, and (2) to collect and forward all deferred premiums to the company whenever they fall due. Each of these clauses relate to a different species of business; the one immediate and complete and the other inchoate and to accrue in the future. The latter is entirely dependent for its enforceability on the continuance of the contract by the parties, and the termination thereof relieved them from liability arising from the payment or nonpayment of subsequently accruing premiums: Dodson v. N. Y. Life Ins. Co., 36 Pa. Superior Ct. 551, 555. The clause relating to the termination of the contract contemplated a complete settlement of affairs between the parties and the contract was not potent to create liability which did not exist before its termination.

The judgment is affirmed.